IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Crim. No. 1:01-cr-0193 |
| v. : | |
| : | Judge Sylvia H. Rambo |
| **JOHN MIZIC** : | |

## **M E M O R A N D U M**

Before the court is a motion to terminate supervised release filed by John E. Mizic, *pro se*. In his brief in support, he claims that he "has shown exemplary post-conviction adjustment, " (Doc. 88, p. 3), and "diligently compl[ied] with the requirements of the probation office," (Doc. 88, p. 4). The government has responded (Doc. 90), and opposes early termination of supervised release. On September 29, 2015, the supervising probation officer filed a report with this court. For the reasons that follow, the motion will be denied.

**I.    Background**

The facts of this case are thoroughly set forth by the government in its brief in opposition to the motion. (Doc. 90.) Pursuant to a binding plea agreement, this court imposed a sentence of 99 months on the two cases filed in the Middle District of Pennsylvania and the nineteen cases transferred from other districts. This 99 month sentence was imposed consecutive to a 41 month sentence imposed in the Western District of Missouri. A period of supervised release of five years was also imposed. That sentence was affirmed on September 21, 2009 by the Third Circuit.

The report by the supervising probation officer shows that Mizic has violated three conditions of his supervised release. They are as follows:[1]

> Standard Condition #2: File truthful and complete written reports within the first five days of each month.

Mizic did not submit July and August monthly reports until September 16, 2015.

> Standard Condition #9: Shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by probation officer.

Mizic admitted to having contact with a Stan Daniels, John Beal, and Robert Ketchledge – all convicted felons.

> Standard Condition #10: Defendant shall permit a probation officer to visit him at any time at home or elsewhere, etc.

On September 10, 2015, the probation officer attempted a home visit and no one answered the door. The probation officer then called Mizic's cell phone and when answered, Mizic offered to return to his residence to meet the probation officer. The probation officer waited one and a half hours and Mizic did not return. The probation officer called Mizic and left a message directing him to report to the probation office the next day. He failed to report.

---

[1] The facts are taken from a Report on Offender Under Supervision filed with the undersigned on September 29, 2015.

## **II.** **Conclusion**

Based on the above violations, continued supervision is deemed necessary. The motion will therefore be denied.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: October 9, 2015.